```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                         ASHEVILLE DIVISION
                          1:05CV238-MU-02
```

KENNETH EDGAR PATTON,         )
      Plaintiff,              )
                              )
      v.                      )
                              )
DAVID MITCHELL, Superin-      )
  tendant at the Mountain     )
  View Correctional In-       )
  stitution;                  )
THOMAS LANCASTER, Super-      )       **O R D E R**
  intendant at Mountain       )
  View Correctional In-       )
  stitution; and              )
JAMES BOYD BENNETT, Di-       )
  rector of N.C. Prisons,     )
      Defendants.             )
_____)

**THIS MATTER** comes before the Court on the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed June 20, 2005.

By his Complaint, the plaintiff alleges that on an occasion (which his attached documents show was July 30, 2004), he was taken to a local hospital for certain otherwise non-described "emergency surgical procedures." Following those procedures, the plaintiff was alleged to have become combative, verbally and physically abusive and non-compliant to and with two prison officers and other hospital personnel. As a result, on August 9, 2004, the plaintiff was charged with being assaultive, with engaging in disrespectful conduct and with spitting at an officer,

all in violation of certain prison rules.

Thereafter, a Disciplinary Hearing was held, and the plaintiff was convicted of those offenses. The plaintiff appealed his convictions through the grievance system all the way to the Director of Prisons. The plaintiff's supporting documents reflect that by an Order entered October 6, 2004, his convictions were reversed and the charges were dismissed by the Director of Prisons. The plaintiff asserts that such dismissal was premised on the Director's findings that the alleged incident "occurred when the plaintiff was awakening from the effects of the anesthesia . . . the plaintiff probably was not coherent nor liable for his actions"; however, the October Order which the plaintiff submitted to this Court did not list any specific findings.

In any event, the plaintiff alleges that after the dismissal of his charges, "staff at Mt. View Correctional advised [him that] he would be recommended for I-Con [intensive confinement], which is long-term solitary confinement." The plaintiff alleges that although he initially was not formally given any reasons for this action, the persons with whom he spoke kept referring back to the July hospital incident. However, the plaintiff reports that after he filed grievances concerning his treatment, certain unidentified personnel eventually "began to answer with attempts to cover-up their apparent abuse of authority by falsely claiming

other reasons for his being placed on I-Con . . . ."

Ultimately, the plaintiff alleges that he was placed on "I-Con" in retaliation for his having successfully exercised his right to appeal the prison's initial disciplinary decision. The plaintiff further alleges that he made numerous attempts to contact the named defendants to resolve his concerns by filing grievances and submitting correspondence to defendant Bennett. However, according to the plaintiff, defendant Bennett merely referred him back to defendants Mitchell and Lancaster, and the latter two defendants refused to take any corrective action. Consequently, the plaintiff is asking the Court to award him damages from the defendants for their alleged violations of his rights.

While it is not altogether clear from the plaintiff's Complaint that he will be able to prevail on his allegations, he certainly has set forth sufficient factual matters to require the defendants to respond to them. Therefore, the defendants will be directed to file an answer or other response in accordance with the provisions of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Clerk shall prepare process for the defendants and shall deliver same to the U.S. Marshal.

2. The U.S. Marshal shall serve each of the defendants with process in this matter.

3.  The defendants shall answer and or respond to the allegations set forth in the plaintiff's Complaint as provided under the Federal Rules of Civil Procedure.

**SO ORDERED.**

**Signed: June 23, 2005**

*[signature]*

Graham C. Mullen
Chief United States District Judge