**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV238-MU-02**

| | | |
|---|---|---|
| **KENNETH EDGAR PATTON,** | ) | |
| Plaintiff, , | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| **DAVID MITCHELL, Supt., et al.,** | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed May 2, 2005; and on the defendants' unopposed, <u>de facto</u> motion to dismiss, filed August 17, 2005. For the reasons stated herein, and for the further reasons stated in the defendants' motion to dismiss, the instant Complaint will be <u>denied</u> and <u>dismissed</u>.

According to the record of this matter, the plaintiff's Complaint essentially alleges that the plaintiff was placed in long-term, intensive confinement by the defendants in retaliation for his having successfully exercised his rights under the administrative procedures process. Upon its initial review of the Complaint, this Court noted that it was not altogether clear whether the plaintiff would be able to prevail on his allegation. Nevertheless, the Court directed the defendants to file a response to the plaintiff's Complaint.

To that end, on August 17, 2005, the defendants filed their

Answer. By that document, the defendants denied that the petitioner was placed in intensive confinement in retaliation for his having exercised his administrative rights at the prison. Rather, the defendants indicated that such decision was made after it was determined that the plaintiff's assaultive, combative behavior justified the move. More critically, the defendants further asserted that the petitioner had not actually succeeded on his administrative challenge; therefore, there was no success at which any retaliation could have been aimed. Accordingly, the defendants asked the Court to dismiss the plaintiff's Complaint for, among other reasons, the plaintiff's failure to state a cognizable claim for relief.

Accordingly, on September 19, 2005, the Court entered its standard Roseboro-style Order, advising the plaintiff that the defendants' Answer was being construed as a motion to dismiss; that such motion tended to show that the defendants were entitled to a dismissal; and that the plaintiff was required to file a response to that motion in order to avoid a summary dismissal. Such response from the plaintiff was due no later than October 20, 2005.

Notwithstanding the Court's efforts, the plaintiff's filing deadline has passed, and still he has not filed a response or any other document in opposition to the defendants' motion to dismiss. Furthermore, although the plaintiff sought the appointment of counsel prior to the expiration of his response deadline,

which request was promptly denied, he did <u>not</u> seek an extension of time in which to file a response to the defendants' request for summary dismissal.  Accordingly, inasmuch as the plaintiff has failed to rebut the defendants' showing that there was no success to which any act of retaliation could have attached, the undersigned finds that the plaintiff cannot state a claim for relief on the instant allegation.  Thus, the defendants' motion to dismiss will be <u>granted</u>; and their subsequently filed Motion for Summary Judgment will be <u>dismissed</u> as moot.

**NOW, THEREFORE, IT IS ORDERED:**

1.   That the defendants' motion to dismiss is **GRANTED;**

2.   That the defendants' Motion for Summary Judgment is **DISMISSED as moot;** and

3.   That the plaintiff's Complaint is **DENIED and DISMISSED.**

The Clerk shall send copies of this Order to the parties.

**SO ORDERED.**

**Signed: November 3, 2005**

Graham C. Mullen
Chief United States District Judge